**UNITED STATES of America**

v.

**Robert L. NEWELL & James J. Parisi, Jr., Defendants.**

No. 1:08–CR–56–GZS.

United States District Court, D. Maine.

Oct. 27, 2008.

Matthew S. Erickson, Norumbega Law Office, Brewer, ME, George T. Dilworth, Jay P. McCloskey, McCloskey, Mina, Cunniff, & Dilworth, LLC, Portland, ME, for Defendants.

James W. Chapman, U.S. Attorney's Office, District of Maine, Portland, ME, for Plaintiff.

## ORDER ON MOTION TO CONTINUE

GEORGE Z. SINGAL, Chief Judge.

Before the Court is Defendant Parisi's Motion to Continue (Docket # 93). At a hearing on October 27, 2008, the Court allowed the Government to respond to the Motion orally and also allowed Attorney Dilworth to further explain his request for a continuance. The Court now DENIES the Motion.

Under the various provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the Court may grant continuances that serve "the ends of justice" but only if those ends "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). This case first began appearing on trial lists in July 2008. (See Docket # s 26, 33, 36 & 65.) On September 16, 2008, the Court officially announced that the trial of this matter would commence on November 3, 2008.[1] (*See* Docket # 68.) In preparation for that trial date, the Court ordered that Jencks Act discovery be provided to the Defendants before September 23, 2008, giving the Defendants considerably more time to review this material than is generally required. See Fed.R.Crim.P. 26.2. At today's hearing, the Government explained the extent and timing of its production of discovery in this case. In support of his request for a continuance, Counsel for Defendant Parisi expressed general frustration with the Government's production, including last Friday's production of an additional 600 pages as well as issues with obtaining non-watermarked copies of the Government's electronically produced documents.

Based on the Government's representations at today's hearing, the Court finds that the Government has generally made a good faith effort to produce its discovery within a timeframe that permits the defense to effectively use the information at trial. Nothing in the current record suggests that the Government improperly delayed the production of specific *Brady* or *Giglio* material that it had in its possession.

---

1.  In fact, this trial date is the later of two trial dates the Court discussed with counsel on September 4, 2008. (*See* Docket # 63.)

The Court certainly appreciates that there has been voluminous discovery in this case and that preparing for trial is a difficult task. Nonetheless, the current request for a continuance does not provide a specific basis for needing additional time. In a case of this nature, general trial preparation inevitably can expand to fill whatever time is allotted. The Court took steps to provide counsel with a certain trial date well in advance precisely so that all parties would know how much time remained for trial preparation.

This case is slated to take less than three weeks of trial time with each trial day ending at 2:30 PM. This trial schedule includes an extra "day off" in the middle of trial on November 11, 2008. The Court believes that this schedule will allow defense counsel time to continue his preparations even after trial begins. To the extent that either defense counsel needs some additional time during trial to prepare for or follow up on specific issues, they are welcome to bring that specific request to the Court's attention at any time. The Court is certainly open to recessing trial early on a particular day in order to allow counsel additional time to follow up on specific issues, as needed.

However, the current request for a continuance provides no specific explanation as to why counsel needs additional time or how much additional time is needed. On this record, the Court finds that the interests of the public and the defendants in a speedy trial as well as the interests of justice will be served by commencing trial in this matter on November 3, 2008 in accordance with the Court's prior orders.

SO ORDERED.